UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SIMON REDAE,<br><br>    Petitioner,<br><br>    v.<br><br>BRISON SWEARINGEN,<br>FIELD OFFICE DIRECTOR,<br>DAVID J. VENTURELLA,<br>MARKWAYNE MULLIN,<br>TODD BLANCHE,<br><br>    Respondents. | )<br>)<br>)<br>)<br>) No. 2:26-cv-00466-JPH-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Simon Redae is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on June 26, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Among other claims, he alleges that his detention is unlawful because he has been denied the opportunity for a bond hearing under 8 U.S.C. § 1226(a). Mr. Redae now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing. Dkt. 1 at 12.

For the reasons explained below, the Court grants the petition and orders Respondents to either afford Mr. Redae an individualized bond hearing or release him from custody, under reasonable conditions of supervision.

## I. Background

Mr. Redae is a citizen of Eritrea. Dkt. 1. He came to the United States without inspection or admission in October 2021. Dkt. 1 at 1; dkt. 9-1 at 2. Upon

arriving, Mr. Redae was encountered by U.S. Border Patrol agents and taken into custody. Dkt. 1; dkt. 9-2. He was initially placed in expedited removal proceedings where an expedited order of removal was issued, but the order was later vacated after it was found he had a credible fear of persecution or torture if returned to Eritrea. Dkt. 1 at 2. In April 2023, Mr. Redae was served with a Notice to Appear for removal proceedings pursuant to 8 U.S.C. § 1229a. Dkt. 9-1 at 6.

On June 26, 2026, Mr. Redae was involved in a car collision in Shelbyville, Indiana. Dkt. 9-1 at 2. During the post-crash interview, an officer with the Indiana State Police contacted ICE. *Id.* ICE issued a warrant for Mr. Redae's arrest and he was taken into custody. *Id.* at 2, 4. Mr. Redae's arrest was pursuant to an administrative warrant citing 8 U.S.C. § 1226. Dkt. 9-1 at 4. The Notice to Appear from April 2023 charges Mr. Redae with inadmissibility under 8 U.S.C. § 1182(a) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Id.* at 6-7. The "arriving alien" checkbox is unmarked. *Id.*

Mr. Redae is currently being held at the Clay County Jail in Brazil, Indiana. Dkt. 1. His removal proceedings remain pending. Dkt. 1; dkt. 9-1.

## II.     Discussion

Mr. Redae claims that his current detention violates the INA because he has been unlawfully denied the opportunity for a bond hearing under 8 U.S.C. § 1226 and the implementing regulations. Dkt. 1 at 25-35. He also claims that

his detention is unlawful under the Due Process Clause of the Fifth Amendment. *Id.*

Respondents initially argued that Mr. Redae was mandatorily detained without consideration of bond pursuant to 8 U.S.C. § 1225(b)(2)(A). However, on July 30, 2026, the Seventh Circuit decided *Cirrus Rojas v. Olson*, --- F.4th ----, No. 25-3127, 2026 WL 2198315, at *4 (7th Cir. July 30, 2026). In *Cirrus Rojas*, the Seventh Circuit determined that § 1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking admission" to the United States and not to noncitizens like Mr. Redae who have entered the United States without obtaining lawful admission, remained inside the United States for years, and have been apprehended in the interior of the United States by immigration officials.

The respondents now "acknowledge . . . that *Cirrus Rojas* is binding on this Court," that it "resolves the case and controversy of this" habeas action, and that under *Cirrus Rojas*, "Petitioner's detention is lawful under 8 U.S.C. § 1226 . . . and Petitioner is entitled to a custody redetermination hearing." Dkt. 12. Thus, it is undisputed that Mr. Redae is entitled to habeas relief insofar as he is eligible for a bond hearing.

### III.   Scope of Relief

Mr. Redae requests immediate release from custody. Dkt. 1 at 5. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf*

*v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody).

However, the Court finds that it would not be in the interests of justice to order Mr. Redae's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations. Because the Court has found that Mr. Redae's detention violates the INA, it need not reach the claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

As relief, Mr. Redae also asks the Court to place specific constraints on the immigration judge's decision-making at a bond hearing. *See, e.g.*, dkt. 1 ¶ 90. The issue presented to the Court is whether Mr. Redae's current detention is in violation of the laws of the United States. The Court has found that it is because Mr. Redae is subject only to discretionary detention under § 1226(a) and therefore entitled to an individualized bond hearing, which he has not been given. The Court has ordered Respondents to give Mr. Redae an individualized bond hearing or release him. At a bond hearing, the immigration judge might order Mr. Redae released on bond or the judge might deny him release on bond for reasons that do not turn on who bears the burden of proof or the evidentiary standard. So, the Court denies the request to place specific constraints on the immigration judge's decision-making at a bond hearing.

4

Finally, the respondents ask the Court to dismiss the petition and direct the petitioner to request a bond hearing through the immigration court. Dkt. 12 at 2. In previous cases, the Court has not denied habeas relief for failure to request a bond hearing in the immigration court due to the government's firm stance that bond was not possible. *See Delgado Avila v. Crowley*, No. 2:25-cv-00533-MPB-MJD, 2025 WL 3171175, *2 (S.D. Ind. Nov. 13, 2025); *Mohammed v. Olson*, No. 1:25-cv-2404-TWP-MKK, 2025 WL 3541819, at *2 (S.D. Ind. Dec. 10, 2025); *Chesme Bazurto v. Olson, et al.*, No. 1:26-cv-00122-SEB-CSW, 2026 WL 285993, *2 (S.D. Ind. Feb. 3, 2026); *Morales Sandoval v. Crowley, et al.*, No. 2:25-cv-00560-JRS-MKK, 2025 WL 3760760, *2 (S.D. Ind. Dec. 30, 2025); *Choudhary v. Swearningen, et al.*, No. 2:26-cv-00041-JPH-MG, 2026 WL 205513, *2 (S.D. Ind. Jan. 26, 2026); *Diaz Gonzalez v. Swearningen, et al.*, No. 1:25-cv-02141-RLY-TAB, dkt. 14 at 8-10 (S.D. Ind. Nov. 18, 2025). Given that the government has only changed that position in response to *Cirrus Rojas*, and after this litigation began, the Court declines an exhaustion requirement now and will instead order the respondents to schedule a bond hearing or release Mr. Redae.

### IV.   Conclusion

The Court grants the petition to the extent that **no later than 5:00 p.m. on August 20, 2026,** Respondents must either: (1) provide Mr. Redae with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Redae from custody, under

reasonable conditions of supervision.[1] Respondents must file documentation certifying that they have either provided Mr. Redae with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Redae's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 8/10/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.

---

[1] This deadline for a bond hearing may be modified without Court involvement upon agreement of Federal Respondents and Petitioner.